IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| MORITZ WALK, LP, | ) CASE NO. 10-41069-H3-11 |
| Debtor, | ) |

MEMORANDUM OPINION

The court has held a hearing on "Green Bank, N.A.'s Supplemental Motion for Relief from Stay and Request for Expedited Hearing" (Docket No. 36). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Moritz Walk, L.P. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 6, 2010.

Debtor indicated in its Chapter 11 petition that it is a single asset real estate entity.

On January 14, 2011, Green Bank, N.A. ("Movant") filed a motion for relief from stay, requesting relief pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code. (Docket No. 18). On March 3, 2011, the court entered a Memorandum

Opinion, and a Judgment conditioning the stay on Debtor's filing of a plan on or before April 15, 2011, and obtaining confirmation on or before July 11, 2011.  (Docket Nos. 30, 31).

In the instant motion, Movant seeks relief from stay pursuant to Section 362(d)(3) of the Bankruptcy Code.  Movant asserts that, with more than 90 days having passed since the petition date, Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time, and Debtor has not commenced monthly payments in an amount equal to interest at the applicable nondefault contract rate of interest.

Debtor contends that this court's Judgment conditioning the stay on filing of a plan on or before April 15, 2011 extended the time contained in Section 362(d)(3).

In the Memorandum Opinion of March 3, 2011, this court held:

> The court has determined that adequate protection of Green Bank's interest in the property requires that the Debtor act promptly to propose a confirmable plan, and to obtain confirmation of the plan.

(Docket No. 30).

At the hearing on the instant motion, neither party presented evidence.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
>>
>>> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>>>
>>> (B) the debtor has commenced monthly payments that--
>>>
>>>> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>>>>
>>>> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate, or

  (4)  * * *

11 U.S.C. § 362(d).

  The provisions of Section 362(d) are separated by the word "or," and thus are read disjunctively. <u>In re WGMJR, Inc.</u>, 435 B.R. 423 (Bankr. S.D. Tex. 2010); <u>In re Pacific Rim Investments, LLP</u>, 243 B.R. 768 (D. Colo. 2000).

  In the instant case, this court's ruling of March 3, 2011 was silent as to its effect on Section 362(d)(3). It is a plausible construction that the deadline was extended, and also a plausible construction that the deadline was not extended. In light of the short time between 90 days after the petition date (March 6, 2011) and the date by which Debtor was ordered to file a plan in order to comply with Section 362(d)(1) (April 15, 2011), the court will not lift the stay in the instant case.

  Based on the foregoing, a separate Judgment will be entered denying "Green Bank, N.A.'s Supplemental Motion for Relief from Stay and Request for Expedited Hearing" (Docket No. 36).

  Signed at Houston, Texas on April 15, 2011.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE